JAMES M. RUTLEDGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rutledge v. Commissioner
Docket No. 4323-92
United States Tax Court
T.C. Memo 1993-613; 1993 Tax Ct. Memo LEXIS 632; 66 T.C.M. (CCH) 1696; December 22, 1993, Filed *632 James M. Rutledge, pro se. For respondent: Abbey Garber. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1988 Federal income tax of $ 613. The only issue for our decision is whether petitioner is entitled to deduct depreciation on his 1988 Ford cargo van. [2] Petitioner resided in Dallas, Texas, at the time he filed his petition. *633 During 1988, petitioner delivered packages for Dial-A-Messenger, Inc. and Assembled Courier. Generally, petitioner worked 8 to 10 hours each day and was paid on a commission basis. He was required to use his own truck to make deliveries. Dial-A-Messenger, Inc. reported petitioner's compensation as wages on a Form W-2; Assembled Courier (presumably an affiliated company) treated petitioner as self-employed. Petitioner purchased a 1988 Ford cargo van (hereinafter the cargo van) on December 21, 1987. He financed the cargo van through Ford Motor Credit Company and made payments on it of approximately $ 400 per month. The unpaid balance on his note on January 27, 1989, was $ 18,124. During 1988, petitioner used the cargo van for business purposes. Petitioner timely filed a 1988 income tax return on which he reported the $ 11,734 he received from Dial-A-Messenger as wages and the $ 762 he received from Assembled Courier as gross receipts on Schedule C. On his Schedule C, he deducted $ 6,771 of business expenses, which included $ 801 in truck expenses and $ 4,100 of depreciation on the cargo van. The depreciation on the cargo van was based on a $ 18,705 cost. In the notice of *634 deficiency, respondent allowed the truck expenses but disallowed the depreciation deduction because the basis of the cargo van had not been substantiated. Section 167 allows as a depreciation deduction a reasonable allowance for the wear and tear of property used in a trade or business, including the trade or business of being an employee. See Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); sec. 1.167(a)-1, Income Tax Regs. Depreciation on tangible property placed in service after December 31, 1986, is computed under section 168 pursuant to a modified accelerated cost recovery system using the applicable statutorily prescribed recovery period. Sec. 168(a). The basis upon which the deduction is computed is determined under section 1011. Sec. 1.167(g)-1, Income Tax Regs. In most cases, a taxpayer's basis is equal to the cost of the property. Secs. 1011 and 1012; see Downing v. Commissioner, T.C. Memo. 1989-447. Based on the record in this case, we are convinced that petitioner purchased and operated the van to deliver packages for Dial-A-Messenger, Inc. and Assembled Courier. In fact, respondent conceded as *635 much as, in the notice of deficiency, all of petitioner's truck expenses were allowed. Moreover, we are convinced that the basis used by petitioner to compute his depreciation is substantially correct. Consequently, we hold that he may deduct the depreciation he claimed as a business expense. To reflect the foregoing, Decision will be entered for petitioner. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, petitioner also argued that the legal system discriminated against him because he is an African American male, that he was deprived of counsel in this case, and that the Internal Revenue Service was illegally conducting clandestine surveillance of him through a "dummy" corporation. Because these arguments are irrelevant to the resolution of the issue in this case, we decline to address them.↩